U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HEATHER MELINA JONES,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN
CRUISE LINE,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **HEATHER MELINA JONES,** by and through undersigned counsel, hereby sues the Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINES**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333 (1) and 28 USC § 1332 (a)(1).

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff **HEATHER MELINA JONES**, was and is a resident of and is domiciled in the State of Oregon, now living in Beaverton, Oregon, and at all times material was a paying passenger on Defendant's vessel, **"SPIRIT."**

5. At all times material, Defendant, **NCL (BAHAMAS) LTD., a Bermuda**

Case 1:14-cv-22781-JLK   Document 1   Entered on FLSD Docket 07/29/2014   Page 2 of 5

Heather Melina Jones vs. NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line
Complaint
Page 2

**Company d/b/a NORWEGIAN CRUISE LINES,** (hereinafter "Defendant") personally or through an agent:

    A.    Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami Dade County, Florida;

    B.    Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

    C.    Operated vessels and provided vessels for cruises in the waters of this state;

    D.    Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333 (1) and 28 USC § 1332 (a)(1);

    E.    The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida;

6.    On or about May 29, 2013, Defendant owned and operated a passenger cruise ship known as the "**SPIRIT,**" such vessel being used as a passenger cruise vessel.

7.    At such time and place, Plaintiff, **HEATHER MELINA JONES,** was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

8.    All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (Original ticket is no longer in Plaintiff's possession).

Case 1:14-cv-22781-JLK   Document 1   Entered on FLSD Docket 07/29/2014   Page 3 of 5

Heather Melina Jones vs. NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line
Complaint
Page 3

## COUNT I - NEGLIGENCE

9. On or about May 29, 2013[1], while the subject vessel was operating in navigable waters, the Plaintiff, **HEATHER MELINA JONES,** fell immediately upon boarding the ship's tender, the only means of leaving the ship to visit a port of call**,** when the tender rapidly accelerated, causing her to sustain serious and permanent injuries.

10. At all times material hereto the Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINES,** owed a duty to Plaintiff to exercise reasonable care under the circumstances.

11. At all times material hereto, the Defendant's actions and/or inaction created a foreseeable and unreasonable risk of harm to the Plaintiff, **HEATHER MELINA JONES**.

12. Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

    A. Failing to provide a reasonably safe means to tender the Plaintiff to a port of call during her cruise;

    B. Failing to properly equip the vessel with a sufficient and appropriate crew to facilitate safe boarding of the tender by passengers, including Plaintiff;

    C. Failing to provide adequate assistance to passengers boarding the tender under the circumstances presented by boarding at sea;

    D. Failing to adequately train its staff in assisting passengers boarding the tender as required under the circumstances;

---

[1] The Statute of Limitations has been extended by agreement between the parties until 07/31/2014.

Case 1:14-cv-22781-JLK   Document 1   Entered on FLSD Docket 07/29/2014   Page 4 of 5

Heather Melina Jones vs. NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line
Complaint
Page 4

E. Failing to adopt policies and procedures for the safe boarding of the tender by passengers and for inspection and monitoring of boarding operations which upon reasonable inspection Defendant knew or reasonably should have known was deficient;

F. Failing to adhere to and/or follow existing policies and procedures for the safe boarding of the tender;

G. Failing to comply with Defendants own internal policies and procedures established by the ISM Code, SMS, SQM and other internal operational procedures required by the ISM Code, IMO, SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard;

H. In other ways as may be revealed through discovery.

13. As a direct and proximate result of Defendant's negligence, which was the sole proximate cause of Plaintiff's accident, Plaintiff, **HEATHER MELINA JONES**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, medications, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

Case 1:14-cv-22781-JLK   Document 1   Entered on FLSD Docket 07/29/2014   Page 5 of 5

Heather Melina Jones vs. NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line
Complaint
Page 5

WHEREFORE, Plaintiff, **HEATHER MELINA JONES**, demands judgment, interest and costs against Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINES,** a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: July 29, 2014

                Law Offices of Glenn J. Holzberg
                Offices at Pinecrest II
                7685 S.W. 104th Street, Suite 220
                Miami, Florida 33156
                Telephone: (305) 668-6410
                Facsimile: (305) 667-6161


BY*: /s/ Glenn J. Holzberg*
       GLENN J. HOLZBERG
       FL. Bar No.: 369551